VORYS, SATER, SEYMOUR AND PEASE LLP
Cory D. Catignani, Bar No. 332551
cdcatignani@vorys.com
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: (949) 526-7906
Facsimile: (949) 383-2783

Attorney for Defendant
RUGSUSA LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>RUGSUSA LLC, a Delaware limited liability company, dba RUGSUSA.COM, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT RUGSUSA LLC'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant RugsUSA LLC ("RugsUSA") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446, and 1453.

///

///

**DEFENDANT'S NOTICE OF REMOVAL**

In support of this Notice of Removal, Defendant states the following:

## I. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On December 1, 2022, Plaintiff, on behalf of herself and a purported California class of all similarly situated individuals, filed a civil action in the Superior Court of California, County of Orange, entitled *Sonya Valenzuela v. RugsUSA LLC et al.*, Case No. 30-2022-01294507-CU-MT-CXC (the "State Court Action"). (Ex. 1, Declaration of Cory D. Catignani in Support of Defendant's Notice of Removal ("Catignani Decl.") ¶ 3, Ex. A ("Compl.").)

2. On December 7, RugsUSA was served with the Complaint. (Ex. 2, Declaration of John A. Martin in Support of Defendant's Notice of Removal ¶ 3). This notice, filed within 30 days of service, is therefore timely. *See* 28 U.S.C. § 1446(b)(1). A true and correct copy of the process served on Defendant is attached hereto as Exhibit A.

3. To the best of RugsUSA's knowledge, no other proceedings related hereto have been heard in the Orange County Superior Court.

4. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders filed or served in the State Court Action.

5. As required by 28 U.S.C. § 1446(d), RugsUSA is filing in the Superior Court of Orange and serving upon Plaintiff and her counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached). A copy of that Notice without its attachments is attached as Exhibit B. A copy of the Notice will also be promptly served upon Plaintiff's counsel.

## II. STATEMENT OF JURISDICTION

6. <u>Generally</u>. This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons.

///

1      7.    <u>Covered Class Action</u>. Plaintiff purports to bring this action on behalf of a class of "[a]ll persons within California who within the statute of limitations: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (Compl. ¶ 22.)

    8.    This action is a "class action" under CAFA because it is a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

    9.    <u>Diversity</u>. CAFA's minimal diversity standard is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). Plaintiff is a citizen of California. The putative class is also composed of solely California residents. (Compl. ¶¶ 4, 22.)

    10.    RugsUSA LLC is a limited liability company. A limited liability company is a citizen of the state of citizenship of each of its members. *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). RugsUSA LLC has a single member, RugsUSA Holdings, Inc. (Martin Decl. ¶ 4). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center"—typically its corporate headquarters—where its senior officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). RugsUSA Holdings, Inc. is a Delaware corporation with its principal place of business in New Jersey. (Martin Decl. ¶ 4.) Therefore, RugsUSA Holdings, Inc. is a citizen of Delaware and New Jersey. Because RugsUSA Holdings, Inc. is a citizen of Delaware and New Jersey, and RugsUSA Holdings, Inc. is the sole

member of RugsUSA LLC, RugsUSA LLC is a citizen of Delaware and New Jersey. Accordingly, this action satisfies CAFA's requirement for minimal diversity because Plaintiff alleges any member of a purported class of plaintiffs is a citizen of a state different from any one defendant.

11. <u>Amount in Controversy – Statutory Damages</u>. This Court has jurisdiction over a class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *Id*. § 1332(d)(2). Plaintiff's and the putative class members' claims are aggregated to determine the amount in controversy. *Id*. § 1332(d)(6). If the complaint does not specify the amount of damages a plaintiff seeks to recover, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

12. Plaintiff asserts two causes of action under the California Invasion of Privacy Act ("CIPA"). Plaintiff asserts causes of action under Cal. Penal Code § 631(a) and Cal. Penal Code § 632.7. (Compl. ¶¶ 28–41.) Plaintiff seeks statutory damages pursuant to CIPA. CIPA's statutory damages grant "[a]ny person who has been injured by a violation" of the statute the greater of: (1) "[f]ive thousand dollars ($5,000) per violation"; and (2) "[t]hree times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2.

13. Plaintiff alleges that she believes the putative class to have thousands of members, if not more. (Compl. ¶ 23.) While RugsUSA disputes that Plaintiff is entitled to any relief, Plaintiff's alleged statutory damages alone satisfies CAFA's $5,000,000 threshold.

14. <u>Amount in Controversy – Punitive Damages, Attorneys' Fees, and Injunctive Relief</u>. The amount in controversy is further met by Plaintiff's request for punitive damages, attorneys' fees, and injunctive relief. RugsUSA disputes

4

**DEFENDANT'S NOTICE OF REMOVAL**

that Plaintiff is entitled to any such relief, but the Court must consider these alleged damages in determining whether CAFA's amount in controversy requirement has been met. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.") (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

15. Accordingly, Plaintiff's complaint exceeds the CAFA threshold of $5,000,000, exclusive of interest and costs.

16. No CAFA Exclusions. This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(4) because RugsUSA is not a citizen of California, the state where this action was filed.

### III. TIMELINESS OF REMOVAL

17. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within 30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Defendant's statutory agent was served on December 7, 2022. *See* Ex. 1.

### IV. VENUE

18. Venue is proper in the Eastern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2), 1391(b)(2), and 1441.

19. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal of Civil Action to Federal Court.

### V. DEMAND FOR JURY TRIAL

20. RugsUSA demands trial by jury on all issues raised in this action which are triable by jury.

///

1     **WHEREFORE**, Defendant respectfully requests that this matter be
2 removed from the Superior Court of the State of California, for the County of
3 Orange, to the United States District Court for the Central District of California,
4 Southern Division, and that all proceedings hereafter in this matter take place in
5 the United States District Court for the Central District of California, Southern
6 Division.

8 Dated: January 6, 2023      VORYS, SATER, SEYMOUR AND PEASE
9      LLP

11      By: /s/ *Cory D. Catignani*
12          Cory D. Catignani
13      Attorney for Defendant RugsUSA LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY ORANGE** )

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 4675 MacArthur Court, Suite 700, Newport Beach, California 92660.

On January 6, 2023, I served the foregoing document(s) described as:

**DEFENDANT RUGSUSA LLC'S NOTICE OF REMOVAL** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED LIST**

XX   (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

_____   (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

_____   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

XX   (BY ELECTRONIC MAIL) I caused such document to be delivered via E-Mail to the offices of the addressees at the following E-Mail addresses: (see attached list).

_____   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: _____

Executed January 6, 2023, at Newport Beach, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
John M. Upton

**SERVICE LIST**
*VALENZUELA v. RUGSUSA LLC et al.*
*Case No.*

Scott J. Ferrell
Victoria C. Knowles
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469
Email: sferrell@pacifictrialattorneys.com
Email: vknowles@pacifictrialattorneys.com

*Attorneys for Plaintiff*