| | |
|---|---|
| 1 | VORYS, SATER, SEYMOUR AND PEASE LLP |
| 2 | Cory D. Catignani (SBN 332551) |
| | cdcatignani@vorys.com |
| 3 | 4675 MacArthur Court, Suite 700 |
| | Newport Beach, CA 92660 |
| 4 | Telephone: (949) 526-7904 |
| | Facsimile: (949) 383-2385 |
| 5 | |
| | Attorney for Defendant |
| 6 | RUGSUSA LLC |

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. 8:23-cv-00024 JWH (ADSx) |
| | Judge John W. Holcomb |
| Plaintiff, | Magistrate Judge Autumn D. Spaeth |
| v. | **DEFENDANT RUGSUSA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| RUGSUSA LLC, a Delaware limited liability company, dba RUGSUSA.COM, and DOES 1 through 10, inclusive, | |
| Defendants. | Action Filed: December 1, 2022 |
| | Hearing Date: March 31, 2023 |
| | Time: 9:00 a.m. |
| | Location: Courtroom 9D |

1

1     PLEASE TAKE NOTICE that on March 31, 2023 at 9:00 a.m., in Courtroom 9D of the above-referenced Court, located at 411 W. 4th Street, Santa Ana, California 92701, Defendant RugsUSA LLC ("RugsUSA") will move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiff Sonya Valenzuela ("Plaintiff").

    Defendant RugsUSA LLC ("RugsUSA") hereby moves this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

    This motion is made following the conference of counsel consistent with Central District of California Local Civil Rule 7-3 which took place on February 10, 2023.

    This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed concurrently, the pleadings and documents on file herein, and upon such oral and documentary evidence and matters that the Court may properly consider.

Dated: February 13, 2023    VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ *Cory D. Catignani*
       Cory D. Catignani
       Attorney for Defendant RUGSUSA LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## Table of Contents

Introduction ...................................................................................................6

Factual Background .....................................................................................7

    A.    RugsUSA's website provides a written chat function ................7

    B.    Plaintiff files a putative class action based on conclusory allegations ..................................................................................8

    C.    The Complaint copies and pastes allegations from a litany of putative class action complaints against other businesses ..........9

Legal Standard ..............................................................................................9

Argument.....................................................................................................10

    I.    Plaintiff's claim under Cal. Penal Code § 631(a) fails as a matter of law because a party cannot wiretap its own communication and there is not a communication by Plaintiff that was intercepted while in transit ...........................................11

        A.    RugsUSA cannot be liable for wiretapping because it was a party to the communication ...........................................11

        B.    The Complaint fails to plausibly plead that a communication was intercepted "in transit"...................14

    II.    Plaintiff's claim under Cal. Penal Code § 632.7 fails as a matter of law because no communication between two telephones is alleged to have occurred ..........................................................16

    III.    Plaintiff necessarily consented to zendesk's presence in communications she chose to send using zendesk's online instant message tool ..................................................................17

Conclusion...................................................................................................18

# Table of Authorities

**Cases**

*Adler v. Community*, No. 2:21-cv-02416-SB-JPR, 2021 U.S. Dist. LEXIS 201644 (C.D. Cal. Aug. 2, 2021) .................................................................................. 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................... 9, 10, 15

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007) ............................................. 9

*Bradley v. Google, Inc.*, No. C 06-05289 WHA, 2006 U.S. Dist. LEXIS 94455 (N.D. Cal. Dec. 22, 2006) ................................................................................. 14

*Byars v. The Goodyear Tire and Rubber Co.*, No. 5:22-cv-01358-SSS-KKx (C.D. Cal. Feb. 3, 2023) ............................................................................. 15, 16

*Castellucci v. JPMorgan Chase Bank, N.A.*, No. 20-55852, 2021 U.S. App. LEXIS 30241 (9th Cir. Oct. 8, 2021) ................................................................. 11

*Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589 (9th Cir. 2020) .......................................................................................... 12

*Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................... 13

*Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 U.S. Dist. LEXIS 217020 (N.D. Cal. Dec. 1, 2022) ........................................................................ 8

*Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 168 Cal. Rptr. 3d 262 (2014) ................................................................................... 16

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ...... 13

*In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797 (N.D. Cal. 2020) .... 12

*In re Vizio Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204 (C.D. Cal. 2017) . 14

*Jang v. 1st United Bank*, No. 2:11-CV-02427-JAM-GGH, 2012 U.S. Dist. LEXIS 100707 (E.D. Cal. July 19, 2012) ........................................................... 9

*Knievel v ESPN*, 393 F.3d 1068 (9th Cir. 2005) .................................................. 10

*Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002) ........................ 14

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129 (E.D. Cal. 2021) ........................... 14

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ..................................... 10

*NEI Contracting & Eng'g, Inc. v. Hanson Agg. Pac. Sw., Inc.*, No. 12-cv-01685-BAS(JLB), 2016 U.S. Dist. LEXIS 125820 (S.D. Cal. Sep. 15, 2016) ....... 17, 18

*O'Donnell v. United States Bancorp Equip. Fin., Inc.*, No. C10-0941 TEH, 2010 U.S. Dist. LEXIS 52986 (N.D. Cal. May 28, 2010) ......................................... 10

*Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476

(N.D. Cal. Jan. 25, 2022) ............................................................................... 14, 15

*Rogers v. Ulrich*, 52 Cal. App. 3d 894, 125 Cal. Rptr. 306 (1975) ......... 11, 13, 15

*Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MDD, 2020 U.S. Dist. LEXIS 73513 (S.D. Cal. Apr. 27, 2020) ...................................................... 10, 14

*Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021) ................................ 12

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ..................... 10

*Tavernetti v. Superior Court of San Diego Cty.*, 22 Cal. 3d 187, 148 Cal. Rptr. 883, 583 P.2d 737 (Cal. 1978) ............................................................................ 11

*U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ..................................................... 10

*United States v. Van Poyck*, 77 F.3d 285 (9th Cir. 1996) .................................. 17

*Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732 (N.D. Cal. Dec. 22, 2022) ........................................................ 11

*Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 U.S. Dist. LEXIS 75024 (N.D. Cal. Apr. 15, 2021) ............................................................................................ 13

**Statutes**

Cal. Civ. Proc. § 340(a) ........................................................................................ 11

Cal. Pen. Code § 631 ............................................................................................ 16

Cal. Pen. Code § 631(a) .................................................................................. passim

Cal. Pen. Code § 632 ............................................................................................ 17

Cal. Pen. Code § 632.7 .................................................................................... passim

Cal. Pen. Code § 632.7(a) .................................................................................... 17

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 11

Fed. R. Civ. P. 8 .................................................................................................... 11

## Introduction

Plaintiff claims to have visited the website of RugsUSA LLC ("RugsUSA") at some unspecified time and utilized its customer support "help" feature for some unspecified reason. Plaintiff has filed a putative class action lawsuit alleging that her purported interaction with the RugsUSA website violated California's wiretapping and eavesdropping law. The conclusory allegations in the complaint, however, fall well short of pleading plausible claims for wiretapping or eavesdropping for several reasons.

First, a party to a communication cannot wiretap or eavesdrop on its own communication. RugsUSA's "help" feature plainly identifies that its chat feature is provided through RugsUSA's service provider, zendesk.

Second, the complaint does not plausibly plead that Plaintiff's interactions were intercepted while "in transit" as required by the statute. Much like an instant message – there is no need to record or intercept a written chat communication while it is in transit – the written instant chat message is simply saved *after* the message reaches its destination.

Third, the eavesdropping statute upon which Plaintiff sues, Cal. Penal Code § 632.7, is inapplicable because RugsUSA did not use a "telephone" to communicate with Plaintiff as required by the statute.

The reality is that California's wiretapping and eavesdropping law was enacted during the Cold War era to protect against clandestine espionage – not to criminalize parties' preservation of ordinary and ubiquitous written electronic communications. The wiretapping and eavesdropping law simply does not apply here. Even if it did, Plaintiff cannot maintain cognizable claims against RugsUSA because she was well aware of zendesk's involvement given the conspicuous "zendesk" hyperlink within the box where the chat communications are entered. Plaintiff therefore knew exactly who she was communicating with, distinguishing this case from the litany of other similar putative class actions Plaintiff and her

counsel have filed against many other companies. The Complaint therefore cannot maintain plausible wiretapping or eavesdropping claims against RugsUSA. Accordingly, this Court should dismiss the Complaint with prejudice.

## Factual Background

**A. RugsUSA's website provides a written chat function.**

RugsUSA operates a publicly accessible website, at www.rugsusa.com, to sell rugs and other goods online. (*See* Compl. Introduction.) As set forth on its website, RugsUSA provides various channels for customer support, such as a toll-free telephone number, email, or an online "chat" function. (*See id.*) The online chat function enables users to communicate with customer support via written instant chat messages. (Ex. A.) Importantly, the instant chat messages are entered through an interface that contains a conspicuous "zendesk" hyperlink that directs users to zendesk's website:



(*See id.*[1])

**B. Plaintiff files a putative class action based on conclusory allegations.**

The Complaint consists of a series of conclusory allegations lacking any factual specificity that pertain to RugsUSA. These allegations fail to allege the circumstances of Plaintiff's visit to rugsusa.com that constitute a violation of Cal. Penal Code §§ 631(a) or 632.7.

According to the Complaint, Plaintiff used a web browser on a smart phone to have "a conversation with Defendant." (Compl. ¶ 18.) The Complaint fails to identify when the alleged "conversation" occurred or what was said. (*See* Compl.) At most, the Complaint generically asserts that "[w]ithin the last year, Plaintiff visited Defendant's Website." (*Id*. ¶ 18.) The Complaint also speculates that "visitors often share highly sensitive personal data with Defendant via the website chat feature." (*Id*. ¶ 14.) Yet, the Complaint does not allege that Plaintiff provided any specific information through RugsUSA's website chat feature, much less "highly sensitive personal data." (*See* Compl.)

The Complaint also generically posits that RugsUSA permits zendesk to eavesdrop, "secretly intercept," and then eventually store communications that occur through the chat feature "under the guise of 'data analytics,'" and that the data from said communications are used for "targeted marketing or other purposes." (*Id.* ¶¶ 12, 14.) Yet, there are no allegations describing what information Plaintiff provided that was "intercepted" or what "data analytics" occurred. (*See id.*) Likewise, the Complaint generically asserts that RugsUSA permitted Plaintiff's unspecified conversations "to be recorded" and permitted zendesk to eavesdrop on those conversations "during transmission and in real

---

[1] "Documents are subject to incorporation by reference if . . . they form the basis of the complaint." *Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 U.S. Dist. LEXIS 217020, at *7 (N.D. Cal. Dec. 1, 2022) (citation omitted). The Court may consider the face of the RugsUSA website and the website's chat function because they form the basis of Plaintiff's Complaint. (Compl. ¶ 12.) RugsUSA submits a declaration by counsel of record, Cory D. Catignani, in support of its Motion to Dismiss, attached as Exhibit A (hereinafter "Ex. A").

time" without Plaintiff's consent. (*See* Compl. ¶¶ 31–32.) Yet, the Complaint fails to identify what information was "recorded" or describe the factual circumstance in which zendesk was not disclosed to Plaintiff such that zendesk could "eavesdrop" on an alleged "conversation" with RugsUSA. (*See* Compl.) The Complaint divines that RugsUSA nonetheless violated Cal. Penal Code § 631(a) (First Cause of Action) and Cal. Penal Code § 632.7 (Second Cause of Action). (Compl. ¶¶ 28–41.)

**C. The Complaint copies and pastes allegations from a litany of putative class action complaints against other businesses.**

Plaintiff's conclusory allegations are copied and pasted from the dozens of other cases Plaintiff's counsel has filed against retailers throughout the state of California.[2] Plaintiff has filed at least fourteen other cases with nearly identical allegations to this case. (*See* RJN.) Plaintiff's counsel has filed over fifty such cases. (*See* RJN.) Plaintiff self-identifies as a "tester." (Compl. ¶ 17.) The Complaint has not been tailored to any specific interactions between Plaintiff and RugsUSA, but rather relies upon generic boilerplate allegations from the other lawsuits. Such allegations are disfavored in California. *See Jang v. 1st United Bank*, No. 2:11-CV-02427-JAM-GGH, 2012 U.S. Dist. LEXIS 100707, at *5 n.2 (E.D. Cal. July 19, 2012) ("Boilerplate or 'cut and paste' pleadings are strongly discouraged by this Court.").

## Legal Standard

The Complaint's boilerplate allegations fail to state a plausible claim against RugsUSA. While "detailed factual allegations" are not required, a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a motion to dismiss, courts generally

---

[2] *See* Request for Judicial Notice ("RJN"), filed concurrently with this Motion to Dismiss.

**9**

accept all factual allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MDD, 2020 U.S. Dist. LEXIS 73513, at *8 (S.D. Cal. Apr. 27, 2020) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)) (internal quotation marks omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion to dismiss, a court may, without converting the motion to one for summary judgment, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

## **Argument**

Plaintiff's claims are implausible and should be dismissed under Fed. R. Civ. P. 12(b)(6).[3] The Complaint consists of conclusory statements that fail to state a claim under Cal. Penal Code §§ 631(a) or 632.7. This Court should decline Plaintiff's invitation to expand California law beyond the statute's text and purpose and dismiss the Complaint with prejudice. *See Castellucci v. JPMorgan*

---

[3] As a preliminary matter, the Complaint does not identify when Plaintiff's alleged injury occurred. The Complaint merely states that "within in the last year" Plaintiff visited RugsUSA's website. (Compl. ¶ 18.) The Complaint does not allege when Plaintiff communicated through the website's chat feature. (*See* Compl.) The statute of limitations is one year, and the Complaint fails to allege when the purported violations occurred. *See* Cal. Civ. Proc. § 340(a); *see also O'Donnell v. United States Bancorp Equip. Fin., Inc.*, No. C10-0941 TEH, 2010 U.S. Dist. LEXIS 52986, at *9 (N.D. Cal. May 28, 2010) (dismissing a plaintiff's claims under Federal Rule of Civil Procedure 8 because she did not allege dates for which the conduct occurred). Accordingly, the Complaint should be dismissed as time-barred. *See id.*

1 *Chase Bank, N.A.*, No. 20-55852, 2021 U.S. App. LEXIS 30241, at *6–7 (9th Cir. Oct. 8, 2021) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal.") (citation omitted).

## I. Plaintiff's claim under Cal. Penal Code § 631(a) fails as a matter of law because a party cannot wiretap its own communication and there is not a communication by Plaintiff that was intercepted while in transit.

The Complaint's first cause of action states in conclusory fashion that RugsUSA violated each category of conduct prohibited by Cal. Penal Code § 631(a). (Compl. ¶ 28.) Yet, the first cause of action fails for two independent reasons. First, the Complaint fails to state a claim because parties to a communication cannot wiretap it. Second, the Complaint does not and cannot allege that any chat communication by Plaintiff was intercepted in transit.

### A. RugsUSA cannot be liable for wiretapping because it was a party to the communication.

The first three clauses of California's wiretapping statute, Cal. Penal Code § 631(a), has been distilled to three categories: (1) "intentional wiretapping," (2) "wilfully [*sic*] attempting to learn the contents or meaning of a communication **in transit over a wire**," or (3) "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 U.S. Dist. LEXIS 230732, at *5 (N.D. Cal. Dec. 22, 2022) (emphasis added) (citing *Tavernetti v. Superior Court of San Diego Cty.*, 22 Cal. 3d 187, 148 Cal. Rptr. 883, 583 P.2d 737, 741 (Cal. 1978)).

No wiretapping could have occurred here because a party to a communication cannot be liable for wiretapping. *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899, 125 Cal. Rptr. 306 (1975) ("It is never a secret to one party to a

1 conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation."); *see also Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589, 607 (9th Cir. 2020). Wiretapping claims against a party to a communication fail because "§ 631(a) exempts from liability a person who is a 'party' to a communication." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 518 (C.D. Cal. 2021).

While the Complaint generically claims that RugsUSA "wiretaps the conversations of all website visitors" (Compl. ¶ 10), as a matter of law, RugsUSA was a party to each communication, so RugsUSA cannot be liable for wiretapping its own communications or for attempting to learn the contents of its own communications. *See Saleh*, 562 F. Supp. 3d at 518.

By the statute's plain terms, a defendant cannot violate the third wiretapping category without a preliminary finding of a violation of one of the first two categories. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020) ("Plaintiffs must establish that the information at issue . . . was obtained through a violation of the first or second clauses."); Cal. Penal Code § 631(a) (limiting the third wiretapping category to where defendant "engag[ed] in either of the previous two activities"). Because a party to a communication cannot wiretap itself or run afoul of the law for attempting to learn the contents of its own communications, the party cannot violate the third wiretapping category. *See, e.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d at 827. It is therefore implausible that RugsUSA could be responsible for wiretapping its own communications.

Finally, there is no plausible claim that can be maintained against RugsUSA for an illegal eavesdrop under Cal. Penal Code § 631(a) because no third party is involved in RugsUSA's written instant chat messages. Courts routinely recognize that a software service provider is an extension of a party's business where the party is utilizing service provider's tools for the party's business and that such use

1  does not negate the party's exemption from liability under Cal. Penal Code §
2  631(a). *See, e.g.*, *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal.
3  2021); *Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 U.S. Dist. LEXIS 75024,
4  at *6–7 (N.D. Cal. Apr. 15, 2021). Likewise, a party to the communication can
5  record and share it without liability under the statute. *In re Facebook, Inc. Internet*
6  *Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020); *see also Rogers v. Ulrich*, 52
7  Cal. App. 3d 894, 896–99, 125 Cal. Rptr. 306, 307–09 (1975) (holding that a
8  party's tape recording of a conversation was not actionable because § 631(a) is
9  only meant to restrict third parties who "listen secretly to a private conversation").

10     *Noom* is instructive here. Noom utilized a software service provider to
11 capture data on Noom's website. *Noom*, 533 F. Supp. at 832–33. The court found
12 the software tool allowed "Noom to record and analyze its own data in aid of
13 Noom's business." *Id.* The software service provider was therefore an extension
14 of Noom's business and not a third party that Noom could aid or abet in violation
15 of Cal. Penal Code § 631(a). *Id.* Therefore, the aiding and abetting theory under
16 that statute failed. *Id.*

17     Just like the service provider in *Noom*, zendesk provides RugsUSA the web
18 widget interface used for the online chat feature and is disclosed as such. (Ex. A.)
19 Zendesk's limited role is explained on its website accessible through the "zendesk"
20 hyperlink conspicuously placed on the chat feature's interface. *Supra* p.8.
21 Zendesk provides RugsUSA with the software tool that facilitates the instant
22 messaging interaction on RugsUSA's website akin to the software in *Noom* and
23 the tape recorder in *Rogers*. As a service provider, zendesk is an extension of
24 RugsUSA and is not some third party to which RugsUSA abetted in eavesdropping
25 on some unspecified communication with Plaintiff.

26     For these reasons, Plaintiff's § 631(a) claim should be dismissed with
27 prejudice.
28

**13**

**B. The Complaint fails to plausibly plead that a communication was intercepted "in transit."**

The first cause of action fails for the additional reason that the Complaint does not plausibly allege that any communication by Plaintiff was intercepted "in transit" as required by Cal. Penal Code § 631(a). (*See* Compl.) California courts interpret this requirement consistent with the federal Wiretap Act, requiring that the interception occur during transmission and not after a record of the communication is created and stored. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Allegations regarding the timing of a communication's interception cannot be conclusory. *In re Vizio Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1227–28 (C.D. Cal. 2017) (dismissing a federal wiretap claim because the "conclusory allegation that Vizio intercepted [plaintiff's] electronic communications 'during transmission' was only supported by 'vague allegations about how Vizio's data collection occurs in real-time'"); *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476, at *10–11 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit."); *Rosenow v. Facebook, Inc.*, No. 19-cv-1297-WQH-MDD, 2020 U.S. Dist. LEXIS 73513, at *22 (S.D. Cal. Apr. 27, 2020) (dismissing federal wiretap claim where the plaintiff failed to allege facts supporting an inference that communications were intercepted "in transit").

In order to intercept a communication "in transit," the communication must be intercepted before the communication reaches its intended recipient. *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021). Once a communication is received, it is no longer possible to intercept the communication in transit. *Konop*, 302 F.3d at 876; *Bradley v. Google, Inc.*, No. C 06-05289 WHA, 2006 U.S. Dist. LEXIS 94455, at *15 (N.D. Cal. Dec. 22, 2006) (dismissing § 631(a) claim for failure to plausibly plead the "in transit" element where stored emails

were deleted from a user's account *after* the communications had been received); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898, 125 Cal. Rptr. 306, 308 (1975) ("As to the third method, a recording made by a participant does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received."); *Adler v. Community*, No. 2:21-cv-02416-SB-JPR, 2021 U.S. Dist. LEXIS 201644, at *9–11 (C.D. Cal. Aug. 2, 2021) (dismissing a § 631(a) claim where the defendant had access to the plaintiff's text messages "after the text messages had already been received").

The reasoning in *Adler* is illustrative here. In *Adler*, the plaintiff texted celebrities affiliated with the defendant. *Id.* at *2–3. After the plaintiff texted the celebrities, the defendant could access the text messages. *Id.* at *9. The court held that accessing messages that were saved after transmission did not violate § 631(a). *Id.* at *10 ("[T]his Court does not interpret 'intercept' to broadly encompass the acquisition of communications any time before the intended recipient gains access to those communications.")

Like the text messages in *Adler*, the Complaint does not plausibly allege that any instant chat messages sent by Plaintiff to RugsUSA were actually intercepted in transit. The Complaint is devoid of any allegations describing when or how any instant chat message involving Plaintiff was intercepted while in transit. (*See* Compl.) Rather, the Complaint refers to recorded "transcripts." (*Id.* ¶ 12.) As a transcript – a recorded communication by definition – Plaintiff's communications were not intercepted "in transit," they were simply saved upon receipt. *See Rodriguez*, 2022 U.S. Dist. LEXIS 13476, at *10 (dismissing a § 631 claim where the plaintiffs "describe misuse of a recording, not interception").[4]

---

[4] The recent decision in *Byars v. The Goodyear Tire and Rubber Co.*, No. 5:22-cv-01358-SSS-KKx (C.D. Cal. Feb. 3, 2023) failed to apply the plausibility standard to the plaintiff's "in transit" allegations. Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**15**

The first cause of action should be dismissed for the additional reason that the Complaint fails to plausibly allege that any communication by Plaintiff was intercepted while "in transit."

## II. Plaintiff's claim under Cal. Penal Code § 632.7 fails as a matter of law because no communication between two telephones is alleged to have occurred.

The Complaint's second cause of action, alleging a violation of Cal. Penal Code § 632.7, fails because Plaintiff cannot plausibly plead that each party to the communication used a telephone. The statute is expressly limited to "a communication transmitted between two cellular radio *telephones*, a cellular radio *telephone* and a landline *telephone*, two cordless *telephones*, a cordless *telephone* and a landline *telephone*, or a cordless *telephone* and a cellular radio *telephone*." Cal. Penal Code § 632.7(a) (emphasis added). By its plain terms, the statute prescribes *five* circumstances in which its restrictions apply, and every one of those circumstances requires *two* telephones be involved. *Id.* Establishing the type of telephone each party to the communication used is therefore a prerequisite to liability under the statute. *See Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469, 168 Cal. Rptr. 3d 262, 274 (2014).

The Complaint is devoid of facts establishing that RugsUSA utilized a telephone to communicate through its online instant message "chat" function. (*See* Compl.) At best, the Complaint alleges that RugsUSA's "chat feature on its website is transmitted via telephony subject." (Compl. ¶ 38.) However, the plain terms of Cal. Penal Code § 632.7 expressly require a "telephone" be used – not some server, computer, or "telephony subject." Cal. Penal Code § 632.7(a).[5]

---

[5] The recent decision in *Byars v. The Goodyear Tire and Rubber Co.*, No. 5:22-cv-01358-SSS-KKx (C.D. Cal. Feb. 3, 2023) is inapplicable because *Goodyear* applied cases decided under Cal. Penal Code § 632, which does not require a telephone on both ends of the communication. *See* Cal. Penal Code § 632. Whereas the plain text of § 632.7, upon which Plaintiff sues here, requires dismissal of Plaintiff's claim due to a lack of plausible allegations that RugsUSA utilized a telephone for its online chat function.

Under the statute's plain text, RugsUSA's communication was not within the ambit of § 632.7. The second cause of action should therefore be dismissed with prejudice.

### III. Plaintiff necessarily consented to zendesk's presence in communications she chose to send using zendesk's online instant chat message tool.

Even if Cal. Penal Code §§ 631(a) or 632.7 applied, both causes of action are fatally flawed because Plaintiff would have to have necessarily consented to zendesk's participation in communications utilizing zendesk's online instant chat message tool. "Consent may be express or may be implied in fact from 'surrounding circumstances indicating that the [defendant] knowingly agreed to the surveillance.'" *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996) (citation omitted). Consent can be implied in fact even without formal notice of communications being intercepted, and it exists where "the surrounding circumstances [] convincingly show that the party knew about and consented to the interception in spite of the lack of formal notice or deficient formal notice." *NEI Contracting & Eng'g, Inc. v. Hanson Agg. Pac. Sw., Inc.*, No. 12-cv-01685-BAS(JLB), 2016 U.S. Dist. LEXIS 125820, at *9–10 (S.D. Cal. Sep. 15, 2016) (internal quotation marks omitted). Plaintiff's conclusory contentions cannot overcome the circumstances present here.

Although the Complaint claims in conclusory fashion that RugsUSA did not obtain Plaintiff's express consent for zendesk's involvement (*see* Compl. ¶¶ 21–22), the chat instant messaging function discloses "zendesk" involvement through a conspicuous label that doubles as a hyperlink. *Supra* p. 8. It is therefore implausible that Plaintiff was unaware that she was utilizing zendesk's instant messaging tool in connection with the unspecified communications she purportedly sent. Rather, it is plain that by proceeding with any such communication through zendesk's instant messaging tool, Plaintiff consented to zendesk's participation in the communication. *See NEI Contracting & Eng'g, Inc.*,

**17**

2016 U.S. Dist. LEXIS 125820, at *9–10.

Plaintiff's claims should therefore be dismissed with prejudice.

## Conclusion

For the foregoing reasons, RugsUSA respectfully requests that this Court dismiss Plaintiff's complaint with prejudice.

Dated:  February 13, 2023          VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ *Cory D. Catignani*
　　　　Cory D. Catignani

　　　Attorney for Defendant RUGSUSA LLC

18

**DEFENDANT'S MOTION TO DISMISS**
**CASE NO.: 8:23-cv-00024 JWH (ADSx)**